# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,<br><br>    Debtor | Chapter 11<br><br>Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC.,<br>         Plaintiff,<br><br>    v.<br><br>BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE,<br>         Defendants. | Adv. Pro. No. 25-50526 (BLS)<br><br>Re: Adv. D.I. 69, 70, 81, 82 |

**MEMORANDUM ORDER DENYING MOTION TO RECONSIDER
ORDER OF CONTEMPT AGAINST BYJU RAVEENDRAN**[1]

On July 7, 2025, this Court entered an Order holding Defendant Byju Raveendran in contempt for failing to comply with its discovery orders.[2] Before the Court is Raveendran's Motion to Reconsider Order of Contempt (the "Reconsideration Motion").[3] Plaintiffs BYJU's Alpha, Inc. (the "Debtor") and GLAS Trust Company LLC ("GLAS") oppose the Reconsideration Motion.[4] The Court held a hearing on the Reconsideration Motion on September 9, 2025. For the reasons set forth below, the Reconsideration Motion will be denied.

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157 and § 1334.
[2] Adv. D.I. 66 (the "Contempt Order").
[3] Adv. D.I. 69.
[4] Adv. D.I. 81. Raveendran filed a Reply in Support of the Reconsideration Motion. Adv. D.I. 82.

Background

This adversary proceeding is part of Debtor's ongoing efforts to unravel a series of fraudulent transfers that stripped the Debtor of its assets (including the $533 million Alpha Funds (as defined below) and the proceeds thereof), by placing those assets beyond the reach of the Debtor and its creditors and concealing their whereabouts.[5] The Debtor commenced this adversary proceeding against Defendants Byju Raveendran, Divya Gokulnath and Anita Kishore on April 9, 2025, asserting claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, accounting, conversion and civil conspiracy. The Summons was issued the same day. The Debtor asserts that Raveendran was served with the Summons and Complaint through the Delaware Officer Consent Statute the next day[6] and served in the United Arab Emirates on May 14, 2025, pursuant to Fed.R.Civ.P. 4(f)(2)(A) and the laws of the United Arab Emirates.[7]

On April 18, 2025, the Debtor filed an Emergency Motion for Limited Expedited Discovery (the "Discovery Motion").[8] Three days later, Raveendran filed an objection to the Discovery Motion challenging service and the timing of the discovery but not personal jurisdiction.[9] The Debtor replied on April 28, 2025 asserting three independent bases for service.[10]

A hearing to consider the Discovery Motion was scheduled for May 7, 2025, but Raveendran failed to appear. The Court granted the Discovery Motion, finding service

---

[5] *See Byju's Alpha, Inc. v. Camshaft Cap. Fund L.P. (In re Byju's Alpha, Inc.)*, Adv. Pro. No. 24-50013, Docket No. 383 (Bankr. D. Del. Feb. 27, 2025) (Memorandum Opinion granting the Debtor's motion for partial summary judgment). The Court determined that between April 2022 and July 2022, the Debtor made a series of wire transfers to Camshaft Capital Fund LP, a small unknown hedge fund, totaling $533 million (the "Alpha Funds").
[6] Adv. D.I. 6.
[7] Adv. D.I.s 35-36.
[8] Adv. D.I. 7.
[9] Adv. D.I. 9.
[10] Adv. D.I. 14 ¶¶ 3-11.

2

proper while preserving Raveendran's later right to raise the issue on a Rule 12 motion to dismiss.[11]  On May 9, 2025, the Court entered an Order setting expedited discovery deadlines and scheduling a further discovery status conference for May 27, 2025.[12]

Raveendran thereafter sought a 30-day extension of time for complying with the discovery deadlines on the basis that he was unable to find counsel.[13]  The Court denied the full extension requested, but extended the deadlines by one week until May 30, 2025 (written response deadline) and June 6, 2025 (production deadline) and set a further status conference for June 9, 2025.[14]  Raveendran did not comply with any of the extended deadlines.

The Plaintiffs filed a Motion to Hold Byju Raveendran in Contempt of Court for Failure to Comply with the Court's Orders and Request for Civil Sanctions (the "Contempt Motion") on June 17, 2025.[15]  On June 20, 2025, the Court issued an Order to Show Cause scheduling an evidentiary hearing for June 30, 2025 (the "Show Cause Hearing").[16]  The Order to Show Cause required Raveendran to appear in person or virtually and show cause why he should not be held in civil contempt of Court for failure to comply with the discovery orders.[17]

Raveendran retained Delaware counsel on June 23, 2025, who filed a response opposing the Contempt Motion and promising that Raveendran would be complying with the Discovery Orders.  He also requested an opportunity to contest the Court's jurisdiction over Raveendran, claiming that the Contempt Motion was not the "vehicle for the Court to

---

[11] Tr. 5/7/2025 at 41:23-43:12 (Main Case D.I. 388).
[12] Adv. D.I. 25.
[13] Adv. D.I. 29.
[14] Adv. D.I. 34.
[15] Adv. D.I.s 45, 46.
[16] Adv. D.I. 47.
[17] *Id.*

3

decide that question."[18]  On June 28, 2025, Raveendran filed responses to the Plaintiffs' interrogatories and request for production of documents.[19]  The Plaintiffs asserted that Raveendran's "eleventh-hour partial responses" to the discovery requests were "evasive, incomplete and not made in good faith."[20]

Raveendran did not appear at the Show Cause Hearing, but his counsel appeared and presented oral argument.  At the conclusion of the hearing, the Court granted the Contempt Motion.  The Cout determined that it had personal jurisdiction over Raveendran finding that "Mr. Raveendran's conduct that gives rise to the litigation here relates to his activities … in the United States fundraising and serving as a director, officer, or manager of a United States corporation."[21]  The Court further decided that "consistent with my ruling a few weeks ago, which was to conclude in fact that the record reflects a sufficient basis for finding that service indeed has properly occurred here, … I believe that I have jurisdiction and I believe I'm obliged to exercise that jurisdiction and authority to enter relief here."[22]

The Court also decided that the requirements for civil contempt under Third Circuit law were met because: (i) a valid court order existed, (ii) Raveendran had knowledge of the order, and (iii) Raveendran had disobeyed the order.[23]  The Court considered Raveendran's argument that he had purged any possible contempt by complying with the discovery order, but decided that the submissions were insufficient, noting that:

> The Court certainly has enough experience with discovery to recognize when substantive responses have been made, but perhaps need to be supplemented, versus evasive or incomplete responses, and what I find are

---

[18] Adv. D.I. 53, p. 7.
[19] Adv. D.I.s 60, 61.
[20] Adv. D.I. 57.
[21] Adv. D.I. 64, Tr. 6/20/2025 at 83:1-6.
[22] *Id.* at 83:6-12.
[23] Adv. D.I. 64, Tr. 6/30/2025 at 81:13-23 (citing *In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 422 (Bankr. D. Del. 2014)).

4

the responses are evasive and incomplete, particularly considering the extensive record that's been developed in these various proceedings. ... I note that the document production likewise is not even remotely satisfactory or consistent with what the Court would expect a legitimate and good faith document production would be.[24]

On July 7, 2025, the Court entered an order directing Raveendran to immediately comply with the discovery orders, holding Raveendran in contempt, and ordering that Raveendran remit to the Clerk of Court the sum of $10,000 for each day he remains in contempt of the discovery orders (the "Contempt Order").[25] As of the date of this Order, no funds have been paid.

On July 14, 2025, Raveendran filed this Motion for Reconsideration, which the Plaintiffs oppose.

Standard

Rule 59 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 9023, allows parties to file a motion to alter or amend a judgment.[26] "A motion to reconsider that asks a court to alter or amend a judgment 'should be granted only where the moving party shows that at least one of the following grounds is present: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court made its initial decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"[27]

Discussion

Raveendran argues that the Contempt Order contains clear errors of law and fact and is manifestly unjust because (i) the Complaint and Summons in this proceeding were

---

[24] *Id.* at 83:15-25.
[25] Adv. D.I. 66.
[26] Fed.R.Civ.P. 59(3); Fed.R.Bankr.P. 9023.
[27] *In re JLM Couture, Inc.*, 2024 WL 3100775, *1 (Bankr. D. Del. June 21, 2024) (quoting *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018).

5

not properly served upon him, (ii) this Court lacks jurisdiction over him, and (iii) he was denied due process because the Contempt Order was entered before briefing was completed on his Rule 12 Motion to Dismiss for lack of proper service and jurisdiction. The Plaintiffs argue in response that there are no clear errors in the Court's prior rulings on service and jurisdiction in connection with the discovery orders and the Contempt Order. Further, the Plaintiffs assert that Raveendran had the opportunity to argue - - and did argue - - his procedural defenses before the Court entered the Contempt Order.

      Reconsideration is a form of relief generally reserved for extraordinary circumstances.[28] Motions for reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."[29] "A motion for reconsideration is not intended to present a litigant with a 'second bite at the apple.'"[30]

      The crux of Raveendran's argument for reconsideration is a re-argument of his claims of improper service and lack of personal jurisdiction. However, this Court previously heard argument on these issues at the Show Cause Hearing and concluded that Raveendran was properly served under the Delaware Officer Consent Statute and that he has sufficient minimum contacts with this forum based on activities that he purposefully directed in the United States while acting as an officer of the Debtor.[31]

      Courts considering motions for reconsideration have held that a "clear error of law or fact" requires a finding that the error is "plain and indisputable … amount[ing] to a

---

[28] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (citing *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)).
[29] *Jester v. State of Del. Dept. of Safety*, 2016 WL 4497055, *1 (D. Del. Aug. 26, 2016) (quoting *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527 (D. Del. 2005)).
[30] *Id.* (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)).
[31] To the extent Raveendran is seeking a fuller explanation on the issues of service and personal jurisdiction, the Court has issued an Opinion on his Motion to Dismiss under Rule 12(b)(2) simultaneously with this Memorandum Order that extensively covers those very issues.

6

complete disregard of the controlling law or the credible evidence in the record."[32]  Further, "for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it."[33]

      Raveendran has not provided a sufficient basis to support his argument that the Court's prior decisions relating to service and jurisdiction contain any "plain and indisputable" error of law or fact or were manifestly unjust.[34]  The Motion for Reconsideration is hereby DENIED.

                            FOR THE COURT:

                            BRENDAN LINEHAN SHANNON
                            UNITED STATES BANKRUPTCY JUDGE

Dated:  November 20, 2025

---

[32] *In re Energy Future Holdings Corp.*, 575 B.R. 616, 629 (Bankr. D. Del. 2017) (citing *In re Titus*, 479 B.R. 362, 368 (Bankr. W.D. Pa. 2012)).
[33] *Id.* (citing *Titus*, 479 B.R. at 367-68).
[34] As mentioned previously, this Court has provided a fuller explanation regarding the decision that Raveendran was properly served and is subject to personal jurisdiction before this Court in its Opinion denying Raveendran's motion to dismiss which is being issued simultaneously with this Memorandum Order.